Roane J.
In the argument of this cause, many points were made at the bar: but it will be unnecessary to decide any but this; namely, whether the judgment vi?as legally rendered against the Sheriff for his not taking appearance bail upon service of the writ.
As a preliminary to my opinion upon this point, I will give my present impressions upon another, which is somewhat connected with it, and which was also mentioned in the argument. It is, whether in a case like the present, of a judgment by default, for want of an appearance, in an action of debt upon a bond with a collateral condition, an inquiry of damages must necessarily take place?
There is no doubt but that the 21 Sect of the Act “for limitations of actions; for preventing frivolous and vexatious suits; concerning Jeofails, and certain proceedings in civil cases/* Ch. 76, was meant to extend an inquiry of damages to all cases of interlocutory judgments, in actions of debt on such bonds. The English Statute of 8 and 9 Will. Ill, C. 11, is substantially like our Act, as to the present point; and It is laid down in the case of Goodwin v. Crowle, Ex-. *234 Cowp. Rep. 359, that according to the true construction of that Statute, the penalty is not to be levied in any case whatever.
But our Act, following that Statute too implicitly, has omitted to direct an inquiry of damages to be executed, in case of a judgment by default, for want of an appearance; and it would be a subject of much regret, if this inattention should defeat the design of the Legislature, which was, that the penalty should not be levied for the first breach, but should remain as a security, until it should be exhausted. But fortunately for the object of this beneficial law, the 42d section of the District Court law, which is in pari materia with the other, has cured the omission: it declares, “ that all judgments by default for want of an appearance, &c., obtained in the office, and not set aside on some day of the next succeeding District Court, shall be final in actions of debt founded on any specialty, bill, or note in writing, ascertaining the demand, unless the plaintiff shall choose in any such case to have a writ of inquiry of damages, and in all other cases, the damages shall be ascertained by a jury, to be empannel!ed,and sworn to inquire thereof.’7 Now, if the words ascertaining the demand, be not referred to the word specialty, the judgment for the penalty of a bond with a collateral condition, would be final, and the intention of the above law would be frustrated, in case of a judgment by default for want of an appearance; whereas, by such a reference, the judgment is final only, when the specialty is for payment of money or tobacco, and bonds with a collateral condition, will fall under the latter description of the clause, whereby the intention of the law will be answered, by awarding an inquiry of damages.
The above clause in point of expression, seems nearly analogous to the 26th section, of the same law, which provides, “ that in all actions of debt, founded on any writing obligatory, bill, or note in writing for the payment of money or tobacco, &c., the Sheriff shall return on the writ, the name of the bail by him taken, and a copy of the bail bond, &.c, Are the *235 words for payment of money or tobacco here, to be referred to the words writing obligatory, so as to produce a construction which would dispense with the return of a bail bond in actions of debt on a writing obligatory with a collateral condition? I have just shewn that analogous words in another clause must be understood according to such reference, in both cases, the grammatical construction of the sentence seems to warrant it; and the sentence in question may well be understood, as having the same meaning, as if the word or had intervened between the words obligation and bill.
As the true meaning of the. 21st section of the Act first mentioned is, that the penalty should not belevied, but should merely stand as a security for such damages as might be recovered, (which may often be very small when the penalty is very large,) perhaps the Legislature did not act unreasonably, in restricting appearance bail to cases of bonds for payment of money or tobacco. Be this as it may, neither the words, nor the just interpretation of this section seems to require appearance bail to be returned, in actions, of debt on bonds with collateral conditions; and if so, the judgment in the present case against the Sheriff is erroneous'; but as it has been decided in this Court, and partly in the case of White v. Johnson, that a judgment against a defendant and Sheriff, which as to the latter is erroneous, must be reversed in toto, all the proceedings in this case subsequent to the declaration, must I think be set aside, and the cause remanded.
* The opinion of the Court was as follows, viz.
sc The Court is of opinion, that appearance bail is not required by law, in actions of debt on bonds with collateral conditions, and not for the payment of tobacco or money only; and the action in this cause, being founded on a bond given by a guardian to the *236 Justices of the County Court of Prince George,- with a collateral condition as set forth in the declaration, judgment ought not to have been entered at the rules in the Clerk’s office, against the Sheriff, for the nonappearance of the plaintiff to the said suit, and that the said judgment not having been set aside as to the said Sheriff before the writ of inquiry in the proceedings mentioned was executed, and final judgment rendered thereon against the plaintiff, the judgment of the said District Court is erroneous.”
Judgment reversed with costs, the verdict set aside, and all the proceedings subsequent to the declaration, and the cause to be proceeded in anew on the Sheriff’s return on the writ, against the plaintiff only.

 Note. The reporter was not in Court this term, when the opinions were delivered in the cases of Ruffin v. Call. Winston’s executor v. Francisco, Pearpoint v. Henry, Burwell v. Anderson, and Walker v. Walke, hut was favoured by Judge Roane with the notes of the opinions delivered by himself In those eases»